(No. 3482— ▮▮▮▮▮▮▮▮▮▮▮▮)

LAWRENCE WILLYARD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 24, 1941.*

HARRY C. DANIELS, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant avers that on the 22nd day of January, 1939, he was continuously employed as an attendant at the Elgin State Hospital, Elgin, Illinois, and that in the performance of his duties he was required, on October 13, 1939, to assist Dr. A. Simon, one of the staff physicians of said hospital, in the tube feeding of a patient in the ward known as the

Veterans Hospital. That in the course of this feeding the patient severely scratched the attendant, this claimant, with his finger nails between the knuckles of the third and fourth fingers of the right hand, and five days later, on the 18th of October, swelling began to manifest itself in and around the scratch. He reported the circumstance to Dr. Simon, who treated the hand with hot boric soaps and icathol ointment; that the infected hand continued to grow worse, and about October 26th, claimant consulted Dr. Schreiner, surgeon at the Elgin Hospital, who cut open the hand and cleaned it with peroxide and disinfectants and applied dry dressings for a period of about four days; that thereafter treatment was continued with hot packs and epsom salts until about November 9th, with no improvement. Claimant then consulted Dr. Raymond F. Dowell, a private practicing physician of Elgin, who began a course of balsam-peru treatments, which continued until about November 15th, resulting in very slight improvement, and that on the latter date the condition of the injured member became worse and said Dr. Dowell then used hot boric packs and prescribed potassium iodide for internal use, and gave shots of eno-salverson, a treatment which continued until the following December 15th, when the condition appeared still worse.

Claimant further represents he then consulted Dr. Sumner L. Koch, a specialist of Chicago, Illinois, who committed the claimant to Passavant Memorial Hospital in Chicago for a period of seven days while he administered a course of treatments of zinc-peroxide applications daily; that on December 18th said Dr. Koch also resorted to surgery, removing the poisoned flesh around said wound; that thereafter improvement began and continued until January 15, 1940, when recovery became sufficient to permit claimant to be reassigned to duty at the Elgin State Hospital. He avers Dr. Koch diagnosed the injury to be anaerobic streptococcic infection of unusual rarity and undoubtedly caused by the nail scratch inflicted by a syphilitic patient of the Elgin State Hospital.

He submits bills from Passavant Memorial Hospital in Chicago for room, board, drugs, dressings, etc., in the sum of $57.40, a bill from Dr. Koch of Chicago, $75.00, a bill from Dr. Dowell of Elgin, $55.00, expenses incurred in transportation, etc., from Elgin to Passavant Memorial Hospital, Chicago, and return, 18 trips, $54.00.

It is averred in the complaint that from December 1, 1939 to January 15, 1940, he suffered total temporary incapacity by reason of the injury and as a consequence completely lost the usual wages paid to him in the amount of $54.60 per month, and in addition thereto he lost maintenance valued at $24.00 per month, making a total loss of income of $117.90.

He is asking for an award covering cash expenditures and expenses incurred in the amount of $241.40 and a loss of income amounting to $117.90, making a total claim of $359.30.

This court has heretofore held that the attendants at the Elgin State Hospital are under the Compensation Act. The case comes to us upon the original complaint, the report of the Department of Public Welfare, consisting of a report by Dr. Simon and Dr. Schreiner, both of Elgin State Hospital, who attended claimant, the transcript of evidence introduced on behalf of claimant on October 16, 1940, the report of the Department of Public Welfare dated November 23, 1940, signed by Assistant Director Blanche Fritz, and respondent's Statement, Brief and Argument, claimant having waived any brief or argument, and from all the above the court finds it has jurisdiction under the Workmen's Compensation Act of this claim. We further find the acts arose out of and in the course of his employment. Claimant's immediate superior was Dr. Simon, and from his statement it appears that he had immediate notice of the scratching of claimant's hand and administered some treatment.

From the record it conclusively appears to us that claimant's disability was the result of an accidental injury caused by the scratch heretofore mentioned while in respondent's employ, and that no other conclusion could be reasonably drawn from the evidence by this court.

Under the circumstances, it is the duty of the State to furnish the necessary doctor and hospital services. It is also true that an injured employee has the right to procure such services at his own expense, if he desires.

In the instant case, the claimant did undoubtedly receive a painful and distressing injury and it appears that further medical care and skill were reasonably required to cure or relieve him from the effects of such injury.

According to the testimony of the experts the claimant was suffering from a rare and severe ailment, brought about

by the scratch and the syphilitic condition of the patient that scratched him.

Dr. Koch is an infection specialist at Chicago, and after examining claimant he requested him to stay at the Passavant Memorial Hospital for a few days, which he did until December 22nd. Dr. Koch's treatment showed early results and undoubtedly gave claimant much confidence in his treatment. It appears from the record that the treatment being received by the patient from the State was not sufficient to relieve him from the effect of his injury. No objection is made by respondent to the additional medical and hospital expenses.

The claim of $57.40 for the Passavant Hospital, the sum of $55.00, the amount he owes to Dr. Dowell, and the $75.00 for services rendered by Dr. Sumner Koch, are therefore allowable.

The record shows claimant had not been in the employ of the State of Illinois for a year prior to the date of his injury, but it does show that for a year prior to the date claimant was injured it was customary for a person employed in the same capacity that claimant was employed, to receive as the first six months pay $52.50 per month, and for the second six months $54.60 per month, and in addition claimant received maintenance which was of the value of $24.00 per month. The total pay of such employee would amount to $642.60 for the year preceeding the date of claimant's injury, plus maintenance which was received in amount of $288.00, or a total of $930.60. Dividing this amount by 52, the number of weeks in the year, it gives an average weekly wage of $17.89, and dividing this by two, pursuant to statute, makes $9.95 a week, but since this claimant was injured subsequent to July 1, 1939, the compensation rate would be increased 10% under Section 8 (1), which in this case would be $.90, or a total compensation of $9.85 per week.

There is no claim for any permanent disability or specific loss. He stopped work on October 26, 1939 and returned to work January 15, 1940, making a period of 11 weeks, 4 days, and it appears he was paid his salary in full for the balance of the month of October, or a period of six days out of 31, also in full for the entire month of November, being on the basis of $54.60 per month, which would make payment for period of non-productive time of $65.17. For the period from and including October 26, 1939 to January 15, 1940 is eleven

weeks and four days, at the rate of $9.85 per week, this would amount to $113.98, during which period of time claimant was paid $65.17, leaving a balance due him of $48.81.

We, therefore, make an award payable as follows:

| | |
|---|---:|
| To Lawrence Willyard for compensation due him and expenses paid by him as aforesaid | $102.81 |
| To Lawrence Willyard for hospital bills paid by him as aforesaid | 57.40 |
| To Lawrence Willyard for the use of Dr. Dowell | 55.00 |
| To Lawrence Willyard for the use of Dr. Sumner Koch | 75.00 |
| Making a total sum of | $290.21 |

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled, "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided by the foregoing Acts.